NOT FOR PUBLICATION

| | |
|---|---|
| JUAN GARCIA,<br>SAMUEL CARNEGIE<br><br>     **Plaintiffs,**<br><br>v.<br><br>CITY OF PATERSON, DEPARTMENT<br>OF PUBLIC WORKS DIRECTOR<br>MANUEL OJEDA, Individually and in<br>Official Capacity,<br><br>     **Defendants.** | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Claire C. Cecchi<br><br>Civil Action No. 11-cv-6587 (CCC-JAD)<br><br>OPINION and REPORT AND<br>RECOMMENDATION |

This matter comes before the Court upon motion by plaintiffs Juan Garcia ("Plaintiff Garcia") and Samuel Carnegie ("Plaintiff Carnegie') (together, "Plaintiffs") for leave to file an amended complaint. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' motion to amend the Complaint (i) with respect to the claims asserted against defendant Manuel Ojeda, individually and in his official capacity, (i.e., Counts Two, Three, Four and Five) is **granted**; and (ii) with respect to the claims asserted against defendant City of Paterson (i.e, Count One and Counts Three, Four and Five) is **denied**. Further, it is the recommendation of this Court that Plaintiffs' claims against defendant City of Paterson (i.e, Count One and Counts Three, Four and Five) be dismissed for failing to state a claim upon which relief can be granted.

## I.    BACKGROUND

The present motion in this civil rights action requires the Court to determine whether Plaintiffs should be permitted to amend their Complaint to add additional factual allegations in order to "clarify and streamline" the issues involved in this matter.

On November 9, 2011, Plaintiffs filed a complaint (the "Complaint") alleging that defendants violated their civil rights under 42 U.S.C. § 1983 and the New Jersey Civil Rights Statute, N.J.S.A. § 10:6-2, by participating in the unlawful arrest and malicious prosecution of Plaintiffs.  According to the Complaint, Plaintiffs were employed by the defendant City of Paterson's (the "City") Department of Public Works ("DPW").  On or about November 11, 2009, Plaintiff Garcia reported that numerous manhole covers were missing from the DPW's yard. The DPW's Director, defendant Manuel Ojeda ("Director Ojeda") (together with the City, "Defendants"), allegedly "caused" Plaintiffs to be arrested by the Paterson Police Department for stealing these missing manhole covers.  Plaintiffs claim that Director Ojeda failed to conduct an investigation into the theft of the manhole covers, but instead "caused" Plaintiffs to be falsely arrested for the illegitimate purpose of protecting his own employment and "possibly covering his own criminal activity."  Following the arrests, Defendants suspended Plaintiffs without pay. In addition, Plaintiffs were charged with the third-degree criminal offence of unlawful possession; however, the prosecutor's office dismissed these criminal charges against Plaintiffs on or around May 5, 2010.

The Complaint asserted five causes of action against the Defendants, including: (1) Municipal Liability against the City pursuant to § 1983 for violating Plaintiffs' 4th Amendment right to be free from unlawful search and seizure, such as false arrest, malicious prosecution, and abuse of process, and failure to train; (2) Individual Liability against Director Ojeda pursuant to § 1983 for violating Plaintiffs' 4th Amendment right to be free from unlawful search and seizure, such as false arrest, malicious prosecution, and abuse of process; (3)  New Jersey Civil Rights Act violations against the City and Director Ojeda for false arrest; (4) New Jersey Civil Rights

Act violations against the City and Director Ojeda for malicious prosecution; and (5) New Jersey Civil Rights Act violations against the City and Director Ojeda for abuse of process.[1]

Defendants filed a motion to dismiss the Complaint on February 9, 2012. In response, Plaintiffs filed opposition papers on March 20, 2012. Thereafter, on March 27, 2012, Plaintiffs filed the instant motion to amend the Complaint, wherein Plaintiffs asserted that "amending the [C]omplaint would serve to clarify and streamline the issues involved going forward." Specifically, the proposed amended Complaint ("Proposed Amended Complaint") includes additional factual allegations regarding Director Ojeda's position and conduct – both at the time of Plaintiffs' arrest and continuing through the Passaic County Prosecutor's Office's criminal investigation of Plaintiffs – including:

- Director Ojeda is one of the final decision-makers responsible for setting official policy for his department, as it relates to the employment and personnel decisions;

- After being notified of Plaintiff Garcia's report that numerous manhole covers were missing from the DPW's yard, Director Ojeda called the police to accuse Plaintiffs of theft and caused them to be arrested;

- Director Ojeda knew or was deliberately indifferent to the lack of evidence or probable cause that Plaintiffs were involved in the theft of the missing manholes, did not have any evidence or facts to support a reasonable belief that Plaintiffs had any personal involvement in such a theft, and knew or should have known that Plaintiffs were not involved in the theft of the missing manhole covers; and

---

[1] The New Jersey Civil Rights Act was modeled after § 1983 and is interpreted analogously therewith in this District. *Petit v. New Jersey*, No. 09-3735, 2011 WL 1325614, *3 (D.N.J. March 30, 2011). Therefore, the Court addresses the § 1983 claims contained in Count One and Count Two of the Complaint concurrently with the New Jersey Civil Rights Act claims contained in Count Three, Count Four and Count Five.

- After Plaintiffs were arrested, Director Ojeda continued to cooperate with, and provide false and misleading information to, law enforcement.

Defendants oppose Plaintiffs' motion to amend the Complaint on the grounds that such an amendment would be futile. Defendants argue that there cannot be, as a matter of law, a cause of action against Director Ojeda for an arrest and prosecution conducted by other entities – i.e., the Passaic County Police Department and the Passaic County Prosecutor's Office, respectively. Defendants assert that because Plaintiffs' Proposed Amended Complaint would be dismissed for the same reasons presented in Defendants' pending motion to dismiss, the proposed amendments are futile and Plaintiffs' motion to amend should be denied.

## II.    STANDARD OF REVIEW

Pursuant to Fed. Rule of Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. Rule of Civ. P. 15(a)(1). Otherwise, a party may amend its pleading by leave of court. Fed. Rule of Civ. P. 15(a)(2).

"The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted). A proposed

amendment is futile if it "would fail to state a claim upon which relief could be granted." *Id.*

Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as

applies under Rule 12(b)(6)." *Id.*

The Supreme Court refined the standard for summary dismissal of a complaint that fails

to state a claim (on the basis of a finding of futility) in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

There, the Court examined Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2).[2]  Citing its opinion in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), for the

proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do,'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at

555), the Supreme Court identified two working principles underlying the failure to state a claim

standard:

> First, the tenet that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the elements
> of a cause of action, supported by mere conclusory statements, do not suffice . . . .
> Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions.
>
> Second, only a complaint that states a plausible claim for relief survives a motion
> to dismiss.  Determining whether a complaint states a plausible claim for relief will
> . . . be a context-specific task that requires the reviewing court to draw on its
> judicial experience and common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of misconduct, the
> complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to
> relief." Fed. R. Civ. P. 8(a)(2).

*Iqbal,* 556 U.S. at 678 (citations omitted).  The Court further explained that:

> [A] court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled to the
> assumption of truth.  While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.  When there are well-

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."
Fed. R. Civ. P. 8(d).

pleaded factual allegations, a court should assume their veracity and then
determine whether they plausible give rise to an entitlement to relief.

*Id.* at 679.

Thus, to prevent a summary dismissal, a civil complaint must allege sufficient factual

matter to show that the claim is facially plausible. *Id.* at 678. Although Rule 8 does not require

detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Id.* (citing *Twonmbly*, 550 U.S. at 555).

The Third Circuit interpreted *Iqbal* as requiring that a district court conduct a two-part

analysis when considering a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210

(3d Cir. 2009). First, the factual and legal elements of a claim should be separated. *Id.* The

court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal

conclusions. *Id.* (citations omitted). Second, a court must determine whether the facts alleged in

the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* "In

other words, a complaint must do more than allege the plaintiff's entitlement to relief. A

complaint has to 'show' such an entitlement with its facts." *Id.* "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (citing *Iqbal*, 556

U.S. at 678). Plausibility is a context-specific inquiry that requires the reviewing court to draw

on its judicial experience and common sense." *Fowler*, 578 F.3d at 210-11.

**III.    DISCUSSION**

Plaintiffs seek to amend the Complaint to aver additional factual allegations that sustain

their civil rights allegations against both the City and Director Ojedo. Defendants oppose the

motion on the grounds that amendment is futile against either defendant, and refer to the

arguments raised in their motion to dismiss to demonstrate such futility.

The District Court administratively terminated Defendants' motion to dismiss, without prejudice, pending this Court's decision on Plaintiffs' motion to amend the Complaint. It became clear to this Court upon review of Plaintiffs' motion to amend that the Complaint fails to allege sufficient facts to show a facially plausible cause of action against the City. Moreover, the proposed amendments to the Complaint appear to relate solely to Plaintiffs' claims against Director Ojeda and do not cure the factual deficiencies of Plaintiffs' claims against the City. Therefore, this Court recommends that Plaintiffs' claims against the City (i.e., Count One, Count Three, Count Four and Count Five) be dismissed.

The Court will address Plaintiffs' motion to amend as it relates to the causes of action asserted against each of the Defendants in turn.

1. Plaintiffs' Motion to Amend the Complaint To Assert Additional Factual Allegations Against the City is Denied as Futile.

Leave to amend a pleading is appropriately denied where, as here, the proposed amendment is futile because the Complaint would nevertheless fail to state a claim upon which relief may be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Pursuant to *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 91 (1978), a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. Rather, municipal liability only attaches under § 1983 if the municipality itself "implements or executes a policy statement, ordinance, regulation, decision or custom that is unconstitutional. *Id.* at 690; *see also Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004).

Neither Plaintiffs' Complaint, nor their Proposed Amended Complaint, set forth any policy statement, ordinance, regulation, decision or custom of the City that is purportedly responsible for the alleged violations of Plaintiffs' civil rights. Plaintiffs' conclusory allegations that the City "had a policy, custom, usage and/or practice of engaging in unlawful retaliatory practices of

filing baseless criminal charges against civilians in an effort to shield themselves from disciplinary action for their own misconduct or incompetence" is insufficient to establish municipal liability under *Monell*. Such "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth that is afforded to well-pleaded allegations of fact. *Iqbal*, 556 U.S. at 678; *Fowler*, 578 F.3d at 210-11.

Similarly, Plaintiffs' single allegation that the City, acting through its policy-makers, "failed to train, instruct, supervise, control and/or discipline [Director Ojeda] for engaging in the aforementioned constitutional violations" lacks the requisite specificity required by *Iqbal* to survive a motion to dismiss. Municipal bodies, such as the City, may only be held liable under § 1983 where the failure to train amounts to "deliberate indifference" to the rights of the injured party: "[A] § 1983 claim must identify a failure to provide specific training that has a causal nexus with [the plaintiff's] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Diaz v. City of Hackensack*, No. 06-4615, 2010 WL 1459582 (D.N.J. April 12, 2010) (quoting *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir.1997) (citations omitted). The Complaint and the Proposed Amended Complaint neither identify the specific training alleged to be absent, nor allege that the absence of such specific training amounted to deliberate indifference. *Id.* Rather, Plaintiffs merely parrot the legal standard for failure to train claims in the form of conclusory statements that, under *Iqbal*, are legally insufficient. *Id.*

Both the Complaint and Proposed Amended Complaint fail to allege "sufficient factual matter" to show that the claims asserted against the City are facially plausible. As such,

Plaintiffs' motion to amend the Complaint to plead additional factual allegations in support of their § 1983 claims against the City is denied. In addition, this Court recommends that Plaintiffs' claims against the City (i.e., Count One, Count Three, Count Four and Count Five) be dismissed.

2. Plaintiffs' Motion to Amend the Complaint to Assert Additional Factual Allegations Against Director Ojeda is Granted.

The Court is not persuaded at this stage of the litigation that Plaintiffs' proposed amendments to the Complaint, with respect to the causes of action asserted against Director Ojeda, would be futile. In the absence of futility, "leave to amend shall be freely granted." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Adams v. Gould, Inc.*, 739 F2d 858, 864 (3d Cir. 1984).

Plaintiffs allege in the Complaint that Director Ojeda, a final decision maker responsible for setting official policy for the DPW, "caused" the false arrest of Plaintiffs for the theft of manhole covers – a charge that Plaintiffs allege Director Ojeda knew or should have known to be false. In the Proposed Amended Complaint, Plaintiffs supplement these allegations by asserting that (i) Director Ojeda is one of the final decision-makers responsible for setting official policy for his department, as it relates to the employment and personnel decisions; (ii) Director Ojeda called the police to accuse Plaintiffs of theft and caused them to be arrested; and (iii) Director Ojeda knew or was deliberately indifferent to the lack of evidence or probable cause that Plaintiffs were involved in the theft of the missing manholes, did not have any evidence or facts to support a reasonable belief that Plaintiffs had any personal involvement in such a theft, and knew or should have known that Plaintiffs were not involved in the theft of the missing manhole covers. Moreover, the Proposed Amended Complaint avers that Director Ojeda participated in the malicious prosecution of Defendants by virtue of his continued cooperation with, and providing misleading information to, law enforcement officials.

The Court disagrees with Defendants' contention that amending the Complaint would be futile because Director Ojeda cannot be liable for false arrest or malicious prosecution as he was not the individual that conducted the allegedly improper arrest or prosecution, respectively. *See Berg v. County of Allegheny*, 219 F.3d 261, 272 (3d Cir. 2000) ("It is thus clear that § 1983 liability for an unlawful arrest can extend beyond the arresting officer to other officials whose intentional actions set the arresting officers in motion."); *Islam v. City of Bridgeton*, 804 F. Supp.2d 190, 199 (D.N.J. 2011) (arrestee could not maintain a false arrest and malicious prosecution claim against manager at the summary judgment stage). The Complaint essentially alleges that Director Ojeda, acting under the color of the authority of his public office, caused the arrest of Plaintiffs without probable cause. Other than *Islam* – which this Court finds non-persuasive inasmuch as the District Court never held that the § 1983 false arrest cause of action could not be sustained, but merely found that the facts in that record did not support the claim – no cases have been cited by Defendants (and none have been found by this Court) disallowing such a cause of action under § 1983. At this early stage, the Court is reluctant to find that Plaintiffs' proposed amendments to the Complaint, if true, could not state a claim upon which relief could be granted.

Accordingly, Plaintiffs' motion for leave to file an amended complaint against Director Ojeda in his individual and official capacity is granted. Plaintiffs may file a revised amended complaint consistent with this Opinion within ten (10) days of the date of this Opinion.

JOSEPH A. DICKSON, U.S.M.J.

Orig.   Clerk's office
Cc:     All Counsel of Record
        Hon. Claire C. Cecchi, U.S.D.J.