NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN GARCIA AND ESTATE OF SAMUEL CARNEGIE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PATERSON, DEPARTMENT OF PUBLIC WORKS DIRECTOR MANUEL OJEDA, individually and in his official capacity,<br><br>Defendant. | Civil Action No.: 11-cv-6587<br><br>OPINION |

**CECCHI, District Judge.**

**I.    BACKGROUND**

This matter comes before the Court on Defendant Manuel Ojeda's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] The Motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[2] For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

---

[1] ECF No. 60.

[2] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II. PROCEDURAL HISTORY

Plaintiffs Juan Garcia and Samuel Carnegie filed this action on November 9, 2011, alleging violations under 42 U.S.C. § 1983 and the New Jersey Civil Rights Statute, N.J.S.A § 10:6-2. Plaintiff Samuel Carnegie died while this suit was pending, and the Estate of Samuel Carnegie has been substituted as a Plaintiff. Def. Br. Supp.[3] at 4. In the Original Complaint, Plaintiffs named as Defendants the City of Paterson and Manuel Ojeda, the Director of the Department of Public Works. Id. On October 19, 2012 the Court granted the City of Paterson's Motion to Dismiss, but allowed Plaintiff to amend the complaint with respect to Defendant Ojeda.[4] Id. Plaintiff filed its Amended Complaint on October 1, 2012, asserting four counts against Defendant Ojeda: (1) Section 1983 violations of Plaintiffs' Fourth Amendment rights to be free from false arrest, malicious prosecution, and abuse of process; (2) New Jersey Civil Rights Statute violations for false arrest; (3) New Jersey Civil Rights Statute violations for malicious prosecution; and (4) New Jersey Civil Rights Statute violations for abuse of process. Compl.[5] ¶¶ 13-32. Following discovery, Defendant Ojeda filed the present Motion for Summary Judgment on July 21, 2014.

## III. BACKGROUND

This dispute arises from the criminal prosecution of Plaintiffs Juan Garcia and Samuel Carnegie, who were employees of the Paterson Department of Public Works. On or about November 2009, numerous manhole covers were reported missing from the Public Works storage

---

[3] ECF No. 60-3.
[4] ECF No. 27.
[5] ECF No. 24-1.

2

yard. Compl. ¶ 5. Detective Robert Orozco was assigned to the investigation. Orozco Dep.[6] at 12. Detective Orozco testified that as part of his investigation, he initially spoke to Supervisor Robert Statuto about the stolen manhole covers. Based on his experience, Detective Orozco decided to canvas scrap yards in the area, and subsequently interviewed the owners of various Paterson scrapyards. Orozco Dep. at 15. Detective Orozco testified that he visited A & B Scrap Company ("A & B") and spoke with its owner, who informed him that A & B had recently purchased manhole covers from the Paterson Department of Public Works. Id. A & B's owner gave Detective Orozco receipts for the purchases, including one receipt that had a truck number – "S94" – written on it. Orozco Dep. at 16-17. Detective Orozco testified that he contacted the Director of Public Works, Defendant Ojeda, who informed him that only Juan Garcia and Samuel Carnegie worked on truck S94. Orozco Dep. at 18. However, according to Plaintiff Garcia, "Mr. Carnegie and I were not the only employees of the Paterson Department of Public Works who had access to the truck marked S94." Garcia Aff.[7] ¶ 4. Defendant Ojeda also provided Detective Orozco with photo IDs of Garcia and Carnegie. Orozco Dep. at 18. The next day, Detective Orozco returned to A & B Scrap Company and presented the photographs to the owner. Id. at 19. A & B's owner identified Garcia and Carnegie as the men who had sold the manhole covers to the scrapyard. Id. Upon this information, Detective Orozco filed a criminal complaint against Plaintiffs Garcia and Carnegie on November 13, 2009. Pl. Stat. Mat. Facts[8] ("PSMF") ¶ 9; Def. Resp. to Pl. Mat. Facts[9] ("DRMF") ¶ 9. Eventually, however, the charges against Plaintiffs were dropped, and this action ensued.

---

[6] ECF No. 60-8.
[7] ECF No. 70-3.
[8] ECF No. 60-3.
[9] ECF No. 69.

3

## IV. **LEGAL STANDARD**

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986); Fed. R. Civ. P. 56(c).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, a genuine issue of material fact exists for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In order to meet its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint… with conclusory allegations of an affidavit."); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (stating that "[t]o raise a genuine issue of material fact," the opponent must "exceed the 'mere scintilla' threshold…").

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if, under the governing substantive law,

a dispute about the fact might affect the outcome of the suit. Id.

## V.    DISCUSSION

Plaintiffs assert three claims against Defendant: (i) false arrest, (ii) malicious prosecution, and (iii) abuse of process. See Compl. at 3-8. Each claim is asserted pursuant to 42 U.S.C. § 1983 (Count 1) and the corresponding New Jersey Civil Rights Statute, N.J.S.A. §10:6-2 (Counts 2-4). Id. This Court exercises jurisdiction over Plaintiffs' Federal claims pursuant to 28 U.S.C § 1331 and over Plaintiffs' State claims pursuant to 28 U.S.C. § 1367. Neither party has argued any distinction between Plaintiffs' State and Federal claims. Def. Br. Supp. at 14 ("Plaintiff's state law claims are essentially exactly the same as the federal claims."). Accordingly, the Court applies the same standards to both Federal and analogous State claims.

In support of his Motion for Summary Judgment, Defendant argues that the record does not support Plaintiffs' allegations, that there was probable cause for Plaintiffs' arrest, and that there is no genuine issue of material fact regarding Plaintiffs' claims. See generally Defs. Br. Supp. For the following reasons, the Court finds that Defendant is entitled to summary judgment on all Counts of the Complaint.

### A.    False Arrest and Malicious Prosecution

Plaintiffs assert false arrest and malicious prosecution claims under Section 1983 and the New Jersey Civil Rights Statute. Compl. at 3-8. Plaintiffs correctly note, and Defendant does not dispute, that these two claims differ because a "claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." Pl. Br. Opp'n at 19 (citing Montgomery v. De Simone, 159 F.3d 120,

126 (3d Cir. 1998)). Defendant argues there is no genuine issue of material fact regarding the absence of probable cause. See generally Def. Br. Supp. Accordingly, Defendant argues, summary judgment should be granted against Plaintiffs' false arrest and malicious prosecution claims, and both should be dismissed. Plaintiffs contend that a reasonable jury could find that Defendant intentionally omitted material information from the investigating police officers, causing Plaintiffs' arrest and prosecution. Pl. Br. Opp'n at 20.

To state a Section 1983 false arrest claim under the Fourth Amendment, plaintiff must show that the arresting defendant lacked probable cause. Hickson v. Marina Associates, 743 F. Supp. 2d 362, 370 (D.N.J. 2010). Similarly, a Section 1983 malicious prosecution claim requires showing, among other things, that the defendant initiated a criminal proceeding without probable cause. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary and prudent officer to believe that the party charged has committed an offense. Hickson, 743 F. Supp. 2d at 370. To avoid summary judgment, a plaintiff must point to some evidence from which a reasonable jury could conclude that a defendant intentionally caused the arrest. Berg v. Cnty. of Allegheny, 219 F.3d 261, 274 (3d Cir. 2000). It is also clear that liability "can extend beyond the arresting officer to other officials whose intentional actions set the arresting officer in motion." Id. at 272. Thus, whether an arresting officer had probable cause is irrelevant if other "instigators" lacked probable cause but nevertheless provoked the prosecution. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 794 (3d Cir. 2000).

Plaintiffs argue that Defendant acted as an instigator that directly led to their arrest. Pl. Br. Opp'n at 21. They contend that "[s]imilar to how the defendant school administrators misdirected the police officer's investigation in Merkle [discussed below] by skewing and omitting facts,

6

Detective Orozco's investigation was misled by Defendant Ojeda." Id. Accordingly, Plaintiffs urge, Defendant Ojeda is liable even if there was probable cause from Detective Orozco's perspective. Id. However, the Court finds that the present case can be significantly distinguished from Merkle, because here Plaintiffs were not arrested "[b]ased solely on the information [the arresting officer] learned from" the defendant. Merkle, 211 F.3d at 787. In Merkle, school administrators initiated criminal proceedings and pressed charges against a teacher. Id. at 794. The police officers involved in the case indicated they "would not have pressed charges and pursued the criminal prosecution unless" the defendants had persistently requested it at various stages of the case. Id. at 791. In fact, one of the Merkle defendants personally called the chief of police to state that he wanted to press charges, and reaffirmed his desire to prosecute plaintiff before her preliminary hearing. Id.

Here, by contrast, Detective Orozco testified that Defendant Ojeda informed him Plaintiffs worked on truck S94 and subsequently gave him copies of their photo IDs. Orozco Dep. at 18. But Detective Orozco also testified that he did not immediately sign the criminal complaint. Id. 18-19 ("I didn't sign the complaint that same day."). The next day, he visited A & B Scrap Metal where the owner identified the photos of Plaintiffs Garcia and Carnegie as the men that had sold him the manhole covers. Id. at 19. Detective Orozco testified that he signed the criminal complaint against Plaintiffs only after the owner of A & B positively identified them, and based solely on that identification. Id. at 22-23.

There is no other evidence on the record that suggests that Defendant Ojeda "instigated" the arrest, or that he ever requested that Plaintiffs be arrested. Because Defendant Ojeda did not "instigate" or 'intentionally cause" Plaintiffs' arrests, summary judgment is appropriate on the false arrest and malicious prosecution claims against him. Berg v. Cnty. of Allegheny, 219 F.3d

7

261, 274 (3d Cir. 2000) (To avoid summary judgment, a plaintiff "must point to some evidence from which a reasonable jury could conclude that [defendant] intentionally caused his arrest"); see also Morales v. Busbee, 972 F. Supp. 254, 265 (D.N.J. 1997) ("The record is uncontroverted, however, that [defendant] did not 'initiate' or even actively participate in the arrest or criminal prosecution of plaintiff. Such initiation of prosecution is a critical element in a malicious prosecution claim."). Accordingly, the Court grants summary judgment for Defendant Ojeda on the State and Federal false arrest and malicious prosecution claims. Plaintiffs' false arrest and malicious prosecution claims in Count One, Two, and Three shall be dismissed.

### B. Abuse of Process

Plaintiffs also raise an abuse of process claim against Defendant under Section 1983 (Count One) and the New Jersey Civil Rights Statute (Count Four). Defendant argues there is no genuine issue of material fact regarding Plaintiffs' claims, and seeks summary judgment on these Counts of the Complaint. Def. Br. Supp. at 16. For the following reasons, the Court finds that Plaintiffs have failed to raise a genuine issue of material fact regarding their abuse of process claim, and grants summary judgment for Defendant.

An abuse of process claim has two elements: First, a plaintiff must show that the defendant has initiated legal process for an improper or ulterior purpose. Second, a plaintiff must show the defendant has committed a willful act in employing the process which represents "the perversion of the legitimate use of process." Voytko v. Ramada Inn of Atl. City, 445 F. Supp. 315, 325 (D.N.J. 1978); see also SBK Catalogue P'ship v. Orion Pictures Corp., 723 F. Supp. 1053, 1067 (D.N.J. 1989). The crux of an abuse of process claim "is the perversion of the legal process to achieve an objective other than its intended purpose." Ference v. Twp. of Hamilton, 538 F. Supp.

8

2d 785, 798 (D.N.J. 2008). As noted above, the Court has dismissed Plaintiffs' malicious prosecution and false arrest claims because there is insufficient evidence to show that Defendant initiated or instigated Plaintiffs' arrest. See supra Part V.A. Similarly, the Court finds that there is no genuine issue of material fact as to whether Defendant initiated process against Plaintiffs for an ulterior motive. SBK Catalogue P'ship, 723 F. Supp. at 1067. Plaintiffs does not allege or provide any evidence that Defendant Ojeda signed a criminal complaint or asked police officers to press charges against them. Additionally, Detective Orozco's testimony belies Plaintiffs' allegations that Defendant Ojeda sought to have them prosecuted. Detective Orozco testified that he canvassed scrap yards in the area based on his experience with these types of crimes and not at the behest of Defendant Ojeda. Orozco Dep. at 34. He also did not sign the complaint based on anything Defendant Ojeda told him, but based his probable cause determination on the testimony of A & B's owner, who identified Plaintiffs as the sellers of manhole covers. Orozco Dep. at 22-23. Because Defendant Ojeda did not instigate or initiate process against Plaintiffs, the Court finds that Plaintiffs have failed to raise a genuine issue of material fact regarding their abuse of process claim. Accordingly, the Court will dismiss Counts One and Four of the Complaint.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine issue as to any material fact regarding Plaintiffs' claims against Defendant Ojeda. Accordingly, the Court grants Defendant Ojeda's motion for summary judgment and judgment is entered in favor of Defendant Ojeda. An appropriate Order accompanies this Opinion.

DATED: February 27, 2015

**CLAIRE C. CECCHI, U.S.D.J.**